**Parvinder Singh SANDHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–70347.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 6, 2007.

Parvinder Singh Sandhu, Turlock, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., Earle B. Wilson, Esq., Daniel D. McClain Fax, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Parvinder Singh Sandhu is a native and citizen of India. Sandhu petitions for review of the Board of Immigration Appeals' ("BIA") decision that denied his appeal of the Immigration Judge's ("IJ") order denying his application for asylum, and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA reviews the IJ's decision de novo and issues its own decision, our review is limited to the BIA's decision. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We review for substantial evidence an adverse credibility determination, *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004), and we grant the petition and remand.

The BIA's adverse credibility determination relied upon a minor inconsistency and an omission that do not go to the heart of Sandhu's claim, and on other improper factors. *See Bandari v. INS,* 227 F.3d 1160, 1165–68 (9th Cir.2000); *see also Wang v. Ashcroft,* 341 F.3d 1015, 1021–22 (9th Cir.2003) (rejecting inconsistencies

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that were not material to the heart of petitioner's claim). Accordingly, the BIA's adverse credibility determination is not supported by substantial evidence. *See Bandari,* 227 F.3d at 1165–66.

Sandhu's contention that the BIA "rubber-stamped" his case and did not examine it correctly is not supported. The BIA issued a de novo opinion denying Sandhu's claims.

Finally, we deny Sandhu's Motion to Remand to the IJ for an adjustment of status, without prejudice to Sandhu filing an appropriate motion before the BIA.

Accordingly, we grant the petition and remand to the agency for further proceedings consistent with this order. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**